# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LACI LEANNE BAILEY,**

     **Plaintiff,**

**v.**                                   **No. 18-cv-0011 SMV**

**NANCY A. BERRYHILL,**
**Acting Commissioner of**
**Social Security Administration,**

     **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 23] ("Motion"), filed on June 30, 2018. The Commissioner responded on August 24, 2018. [Doc. 24]. Plaintiff replied on September 18, 2018. [Doc. 25]. The parties have consented to my entering final judgment in this case. [Doc. 20]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") erred in evaluating the medical opinion of Dr. Werner. Accordingly, the Motion will be GRANTED, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (2018) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner.  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.*  While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of child insurance benefits and supplemental security income on March 27, 2014. Tr. 20. She alleged a disability-onset date of May 19, 2002, the day before her eighteenth birthday. *Id.* Her claims were denied initially and on reconsideration. *Id.* ALJ James Linehan held a hearing on October 25, 2016, in McAlester, Oklahoma. Plaintiff appeared via videoconference with her attorney in Albuquerque, New Mexico. Tr. 20, 34–57. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Melissa Brassfield. *Id.*

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

The ALJ issued his unfavorable decision on December 5, 2016. Tr. 28. At step one he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 19, 2002. *Id.* At step two, the ALJ found that Plaintiff suffered from one severe impairment: asthma. *Id.* Further, he found that Plaintiff's gastrointestinal impairments were not severe. Tr. 22–23.

At step three the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 23. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 23–26. The ALJ found that Plaintiff had:

> the [RFC] to perform light work as defined in 20 [C.F.R. §§ 404.1567(b) and 416.967(b). [Plaintiff] can lift 20 lbs occasionally[] and can lift and carry 10 lbs frequently. [Plaintiff] can sit, stand and walk up to 8 hours each activity per 8[-]hour day. [Plaintiff] has unlimited use of feet for foot controls. [Plaintiff] has frequent pushing, pulling and overhead reaching with both arms and frequent use of the hands for fingering, feeling and handling. [Plaintiff] has frequent balancing, stooping, kneeling, crouching, crawling, climbing of ramps, ladders, scaffolds. [Plaintiff] must avoid concentrated exposures to dusts, fumes, odors, gases, odors [sic].

Tr. 23.

At step four the ALJ found that Plaintiff had no past relevant work. Tr. 27. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 27–28. He found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. *Id.* After the ALJ denied the claim, Plaintiff requested review by the Appeals Council. *See* Tr. 1–3. The Appeals Council, however, denied review on December 5, 2017. Tr. 1−3. Plaintiff timely filed the instant action on January 5, 2018. [Doc. 1].

**Analysis**

Plaintiff makes several arguments in favor of remand. However, the Court addresses only one, because that argument is uncontested and dispositive: the ALJ erred in evaluating Dr. Werner's opinion. The Court declines to address Plaintiff's other arguments at this time.

Although ALJs need not discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)[3]). That is, when assessing a plaintiff's RFC, an ALJ must explain what weight he assigns to each opinion and why. *Id.* "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (alteration and internal quotation marks omitted)); *see Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013) (same). Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (internal brackets omitted) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). ALJs are required to provide "appropriate *explanations* for accepting or rejecting such opinions." Social Security Ruling ("SSR") 96-5p,[4] 1996 SSR LEXIS 2, at *13, 1996 WL 374183, at *5 (emphasis added); *see Keyes-Zachary,* 695 F.3d at 1161 (same) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain

---

[3] These regulations apply to this case because Plaintiff's claims were filed prior to March 27, 2017. *See* 82 Fed. Reg. 5844 (Jan. 18, 2017).

[4] SSR 96-5p was rescinded for claims filed on or after March 27, 2017. 82 Fed. Reg. 15263 (Mar. 27, 2017). Because Plaintiff's claims were filed before March 27, 2017, SSR 96-5p applies to this case.

why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5, at *20, 1996 WL 374184, at *7. The ALJ's reasons must be specific and legitimate. *Chapo*, 682 F.3d at 1291.

In this case, Dr. Werner offered his non-examining opinion on August 21, 2014. Tr. 66–69, 78–81. The ALJ explicitly accorded the opinion "great weight." Tr. 26. Plaintiff argues, however, that the ALJ failed to include in the RFC assessment all the limitations assessed by Dr. Werner. [Doc. 23] at 21–23. For example, Dr. Werner opined that Plaintiff must avoid concentrated exposure to extreme cold, extreme heat, wetness, and humidity and should also avoid even moderate exposure to "[f]umes, odors, dusts, gases, poor ventilation, etc." Tr. 66–67 (opinion in SSI claim file). These limitations are either not included in the RFC assessment or are more restrictive than those assessed by the ALJ. Tr. 26. Because the ALJ indicated that he gave great weight to Dr. Werner's opinion but simultaneously ignored some of his limitations (and failed to explain the omission), Plaintiff argues that case should be remanded for reevaluation of Dr. Werner's opinion. [Doc. 23] at 21–23.

The Commissioner fails to respond to this argument in any way. *See* [Doc. 24] at 5–9; [Doc. 25] at 5 (Plaintiff's reply, arguing that the point was conceded by lack of response). Without any suggestion from the Commissioner as to whether or how the Court might affirm the decision despite the RFC's inconsistency with Dr. Werner's assessed limitations, and despite no explanation from the ALJ, the Court agrees with Plaintiff. The case should be remanded for reevaluation of Dr. Werner's opinion.

## Conclusion

The ALJ erred in adopting Dr. Werner's opinion without either: (a) including all of Dr. Werner's limitations in the RFC assessment, or (b) explaining why they were omitted.

Therefore, the Motion will be granted, and the case will be remanded. The Court will not address the other errors alleged by Plaintiff at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing [Doc. 23] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion. *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**